IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES C. STRADER, and
STEVE ALLEN VAUGHAN,

      Plaintiffs,

      v.                               CASE NO.  22-3124-SAC

CHANDLER CHEEKS,
et al.,

      Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Vaughan is required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiffs' Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiffs are incarcerated at the Lansing Correctional Facility in Lansing, Kansas.   Their Complaint is largely incomprehensible, but alleges "the illegal use of the metal eye and smart dust technology." (Doc. 1, at 3.)   Plaintiffs claim that nanotechnology was used regarding their medical diagnoses to obtain surveillance information "against unknown defendants without Plaintiffs' permission."  *Id*.  Plaintiffs allege that mental health patients are being monitored through the water supply and that the military is involved.  *Id*. at 5.

Plaintiff Vaughan requests an early release from custody.  *Id*. at 8.  Plaintiff Strader seeks to have his sentence vacated and expunged.  *Id*.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court,

a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Frivolous

Plaintiffs' claims are largely incomprehensible and frivolous. Plaintiffs claim that the military is somehow monitoring their mental health through the water supply. The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or

malicious.   Plaintiff Vaughan should show good cause why the Complaint should not be dismissed as frivolous.

### 2.  Habeas Nature of Claim

Both Plaintiffs seek to shorten or vacate their sentences.   Those requests must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.   *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies).  "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).  Therefore, any claims challenging their state sentences are not cognizable in a § 1983 action.  Plaintiff Vaughan should show cause why his Complaint should not be dismissed as not properly brought in a § 1983 action.

### 3.  Motions

Both Plaintiffs have filed motions for leave to proceed *in forma pauperis*.  The Court will grant Plaintiff Vaughan's motion, but denies Plaintiff Strader's motion.

Plaintiff Strader is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'"  *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'"  *Id*. (citation omitted).

The Court has examined the Complaint and attachments and finds no credible showing of imminent danger of serious physical injury.[2]  Accordingly, pursuant to § 1915(g) Plaintiff Strader may not proceed in forma pauperis in this civil action.  Plaintiff Strader  is given time to

---

[1] Prior to filing the instant complaint on June 21, 2022, the court finds at least three prior civil actions filed by Plaintiff Strader that qualify as "strikes" under § 1915(g). *See Strader v. Reno County District Court*, Case No. 20-3001-SAC (dismissed for failure to state a claim on March 9, 2020) (Doc. 27) (D. Kan.); *Strader v. Werholtz*, Case No. 19-3102-SAC (dismissed for failure to state a claim on October 4, 2019) (Doc. 61) (D. Kan.), *appeal dismissed*, Case No 19-3242  (appeal dismissed as frivolous) (10th Cir. Dec. 30, 2019).
[2] The Court notes that Plaintiff's claims appear to be frivolous and he has been advised in prior cases that he cannot attack his conviction in a civil rights action.

pay the full $402.00 district court filing fee[3] to the Court.  If he fails to pay the full fee within the prescribed time, he will be dismissed from this action for failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiffs have also filed a motion to recuse (Doc. 4) and a motion to present documentation (Doc. 5).  Plaintiff Strader filed these same motions in Case No. 22-3114.  The Court denies the motions for the same reasons set forth in the order denying the motions in Case No. 22-3114.  *See Strader v. Kansas*, Case No. 22-3114-SAC, Doc. 11, at 13–15 (D. Kan. June 14, 2022).  Plaintiffs have also submitted a letter to the Clerk requesting copies of multiple documents from multiple cases.  (Doc. 7.)  This same request was made in Case No. 22-3114-SAC, where the Court found that:

> Local Rule 79.1(b) governs access to court records and provides that "[t]he clerk will make and furnish copies of official public court records upon request and payment of prescribed fees." Petitioner does not explain why this rule does not govern his situation. Although Petitioner asserts that Respondent "stole" his copies of these documents, Petitioner has not established that these documents are relevant to the case now before this Court. And, as noted above, this matter appears subject to dismissal in its entirety. Accordingly, the motion for copies (Doc. 7) will be denied.

*Strader v. Kansas*, Case No. 22-3114-SAC, Doc. 11, at 15.  Likewise, any request for copies in this case is denied for the reasons set forth in the Court's order in Case No. 22-3114-SAC.

## IV.  Response Required

Plaintiff Vaughan is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  The failure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim.

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Vaughan's motion for leave to proceed *in forma pauperis* (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff Strader's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff Strader is granted until **July 5, 2022,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in his dismissal from this matter without prejudice and without additional prior notice.

**IT IS FURTHER ORDERED** that Plaintiff Vaughan is granted until **July 11, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that the motion to recuse (Doc. 4) is **denied** and the motion to present documentation (Doc. 5) is **denied without prejudice.**  Any request for copies in Doc. 7 is also **denied.**

**IT IS SO ORDERED**.

**Dated June 23, 2022, in Topeka, Kansas.**

<u>**S/ Sam A. Crow**</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**